**FILED**

IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.

★ JAN 9 2002 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------x

FRANKLIN REYES,

            Petitioner,

  -against-

CHARLES GREINER, Superintendent
Green Haven Correctional Fac.,

            Respondent.

--------------------------------x

AFFIRMATION: PETITIONER'S
CAUSE WHY THE PETITION FOR
A WRIT OF HABEAS CORPUS
SHOULD NOT BE TIME-BARRED

01 Civ. 7150 (ERK)

STATE OF NEW YORK  )
              )ss.:
COUNTY OF DUTCHESS )

    FRANKLIN REYES, makes the following affirmation under the penalties of perjury:

    1.  I am the petitioner in the above action and I respectfully submit this affirmation in accordance with the court's November 15, 2001 Order. Petitioner received the order on November 19, 2001. See Exhibit A.

    2.  An inmate law clerk has assisted petitioner with the prepared on this affirmation, and is the same inmate who preparation of the initial petition for a writ of habeas corpus. Petitioner is neither an attorney, nor is he familiar with the law or basic requirement of research or preparing legal documents.

    3.  It is petitioner's contentions that the habeas corpus should not be dismissed as time-barred because the one-year limitation is tolled until he receives the decision on his State post-conviction proceeding.

    4.  To explain, petitioner appealed the judgment of conviction to the New York Supreme Court, Appellate Division, Second Judicial Department. On May 9, 1997, that Court affirmed

the judgment of conviction.  <u>People v. Reyes,</u> 239 A.D.2d 524 (2nd

Dept. 1997).  Petitioner's application for leave to appeal to the

New York State Court of Appeals was denied on August 7, 1997.

<u>People v. Reyes,</u> 90 N.Y.2d 909 (1997).

5.  Thereafter, petitioner submitted a motion pursuant to

New York's Criminal Procedure Law ("CPL"), §440 seeking to vacate

the Judgment of Conviction.  His affidavit of service indicates

that the motion was mailed to the court on or before July 2,

1998.  See, Exhibit B.

6.  On August 5, 1998, petitioner wrote the New York Supreme

Court, Queens County, Clerk of the Court, inquiring about a

decision on the motion (see, Exhibit C), but received no

response.  Petitioner made several similar inquires in November,

1998; February 1999 June 1999; September 1999; and December 1999

(see, Exhibit D); again, however, to no avail.

7.  While waiting for a decision on the CPL § 440 motion,

petitioner submitted a writ of error coram nobis pursuant to

<u>People v. Bachert,</u> 69 N.Y.2d 593 (1987) (resurrecting New York's

common law writ of error coram nobis for challenging the

representation of State appellate counsel).  Petitioner's

affidavit of service indicates that the writ was mailed to the

Appellate Division, Second Department on or about June 6, 2000.

See, Exhibit E.

8.  On October 23, 2000, the Appellate Division, Second

Department, denied petitioner's writ of error coram nobis.  See,

Exhibit F.

9.  After obtaining the assistance of an inmate law clerk,

petitioner began preparing his federal petition for a writ of habeas corpus. This entitled reviewing the hearing and trial transcripts, identifying legal issues, and determining the viability of the issues on a federal constitutional level.

10. In preparing the habeas corpus, petitioner was advised by the inmate law clerk of the need to determine the outcome of the CPL § 440. With the assistance of the inmate law clerk, petitioner wrote another series of letters to the clerk of the New York Supreme Court, Queens County, see, Exhibit G.

11. Finally, on October 5, 2001, petitioner received a letter from the clerk of the Queens County, Supreme Court informing him that the court denied his CPL §440 motion on October 22, 1998. See Exhibit H. A copy of the decision was not included with the letter.

12. Prior to receiving the clerk's letter, however, petitioner filed his petition for a writ of habeas corpus. The petition is dated October 2, 2001.

13. To date, petitioner has not received the decision of the Queens County, Supreme Court denying his CPL § 440 motion.

THE ONE-YEAR STATUE OF LIMITATION IS TOLLED UNTIL PETITIONER
RECEIVES THE DECISION ON HIS CPL § 440 MOTION

14. As noted by the court in its Memorandum and Order, Petitioner's State conviction became final on November 6, 1997. Petitioner's CPL § 440 motion, however, was filed on July 2, 1998; less than eight months after the one-year statue of limitation began to run. In accordance with 28 U.S.C. § 2244(d)(2), then, petitioner's one year was tolled pending the outcome of the motion, and he has some four additional months

remaining until his time has expired.

15.   Because petitioner has not received the decision on his CPL § 440 motion, his one year is tolled pending discretionary appeal of the proceeding.   In <u>Bennett v. Artuz</u>, 199 F.3d 116 (2nd Cir. 1999) , <u>aff'd</u> <u>sub</u> <u>nom</u> <u>Artuz v. Bennett</u>, __ U.S.__, 121 S.Ct. 365 (2000), for example, the Second Circuit Court of Appeals addressed a similar issue where the petitioner filed his habeas corpus although he had not received a determination on his CPL § 440 motion.   In <u>Bennett</u>, the court reasoned that:

> If Appellant was never served with a copy of the order denying his 1995 motion, he could not apply for a certificate for leave to appeal because the thirty-day period for applying for the certificate has not yet commenced (citation omitted).

199 F.3d at 120.   The court observed that under both CPL § 450.15(a) and New York Court Rules for the Second Department, § 670.12(b)(1), the thirty days to apply for a certificate of leave to appeal does not commence until the petitioner actually receives a copy of the decision.   <u>Id</u>.   In light of the circumstances, the court determined that Bennett's time for appealing the CPL § 440 motion "has not expired."   <u>Id.</u>

16.   As in <u>Bennett</u>, petitioner's time for appealing the CPL § 440 motion has not expired, and the proceeding is still pending in accordance with § 2244(d)(1)'s tolling provision.

17.   Petitioner's numerous efforts to obtain a copy of the decision on the CPL § 440 motion should demonstrate "reasonable diligence" on his part sufficient to toll the one-year statue of limitation.

## ALTERNATE ARGUMENTS

18. Where the court to determine that the petition is not timely in accordance with the Second Circuits holding in <u>Bennett v. Artuz</u>, petitioner respectfully submits that the statue of limitation violates the First, Ninth and Fourteenth amendments, and the Suspension Clause of the United States Constitution.

19. For the foregoing reasons, it is respectfully submitted that the habeas corpus petition is timely.

WHEREFORE, the timeliness of the petition for a writ of habeas corpus should be resolved in petitioner's favor, and the respondent directed to answer the petition on the merit.

DATED:   December 17, 2001
         Stormville, NY


Respectfully submitted,

Franklin Reyes, 94A7378
Petitioner/ Pro Se
Green Haven Corr. Fac.
Route 216 - Drawer B
Stormville, NY 12582

CLERK OF U. S. DISTRICT CO.
EASTERN DISTRICT OF NEW YORK
225 CADMAN PLAZA EAST
BROOKLYN, NY 11201

OFFICIAL BUSINESS

Franklin Reyes
94-A-7378
Green Haven Correctional Facility
Drawer B
Stormville, NY   12582

123B24000050

NOV.1,9 2001

SUPREME COURT OF THE STATE OF NEW YORK
QUEENS COUNTY:  CRIMINAL TERM: P. J-13
----------------------------------------x

THE PEOPLE OF THE STATE OF NEW YORK,  :

                          Respondent,  :    AFFIDAVIT OF SERVICE
                                          BY MAIL
        ---against---         :
                                      Ind. No. 3360/93
FRANKLYN REYES,  :

                        Defendant,  :

----------------------------------------x

State of New York   )
                    SS..:
Dutchess    County   )

     I, FRANKLYN REYES, being duly sworn deposes and says:

     That on the _____ day of July, 1998, I served a true accurate copy of the notice of motion pursuant to C.P.L. § 440.10, copy of the affidavit and the annexed Memorandum of Law, copy of September 12, 1994 Voir Dire transcripts from page 1 through 50, and a copy of a verify affidavit to the following parties:

     The Supreme Court Motion Clerk
     88-11 Sutphin Boulevard
     Jamaica, New York 11435

     Mr. Richard A. Brown
     Queens County District Attorney
     125-01 Queens Boulevard
     Kew Gardens, New York 11415

     Further, that aforesaid documents were sealed on two separate manila envelops and were send at the above-named addresses by certified return receipt by depositing the same in a mailbox located at Green Haven Correctional Facility, to be

B

mailed Via United States Mail Service.

Respectfully Submitted,

Franklyn Reyes #94A7378
Defendant Pro-se
Green Haven Correctional Facility

Sworn to before me this
2nd day of July, 1998

***** Notary Public *****

PAUL J BRAUN
Notary Public State of New York
Qualified in Dutchess County
Commission # 01BR5070658
Commission Expires Dec 23 1998

Served upon all the named parties.

—2—

Franklin Reyes #94A7378
Green Haven Corr. Fac.
Route 216 - Drawer B
Stormville, New York 12582
August 5, 1998


Queens County, Supreme Court
125-01 Queens Blvd.
Kew Gardens, N.Y. 11415

Re: People v. Franklin Reyes
CPL 440 Motion
Ind. No. 3360-93


Dear Queens County, Supreme Court,

Last month I mailed a copy of my CPL 440 motion to the court. Could you please tell me whether it was received by your office.

Thank you.

o
o
o

Yours, etc.



c: file

November 10, 1998

Court Clerk
Queens County, Supreme Court
125-01 Queens Blvd.
Kew Gardens, N.Y.

Dear Court Clerk:

    Please inform me of whether the court has decided my CPL
440 motion under indictment 3360-93

                                        Yours, etc.

c: file



Green Haven Correctional Facility
Route 216 - Drawer B
Stormville, New York 12582

June 13, 1999

Clerk of the Court
Queens County, Supreme Court
125-01 Queens Boulevard
Kew Gardens, New York 11415

Re: People v. Franklin Reyes
    Ind. No. 3360-93

Dear Clerk of the Court:

In July of 1998 a CPL §440 motion was submitted to the court under the above case. I have written several letters to the court requesting a copy of the court's decision if one has been made. To date, I have received none.

Please advise me of the outcome of the motion.

Very truly yours,

Franklin Reyes,
#94A7378

c: file

September 21, 1999

Court Clerk
Queens County, Supreme Court
125-01 Queens Blvd.
Kew Gardens, N.Y.



Dear Court Clerk:

    Could you please tell me whether the 440 motion under
indictment 3360-93 has been decided and, if so, send me a copy.




                               Yours, etc.




c: file

December 4, 1999

Court Clerk
Queens County, Supreme Court
125-01 Queens Blvd.
Kew Gardens, N.Y.


Dear Court Clerk:

    Please tell me whether the court has ruled on the 440
motion.  If it has, please send me a copy.



                                    Yours, etc.


o
o
o    c: file

## AFFIDAVIT OF SERVICE

I **Franklin R. Reyes,** did on this date  place in the United States mailbox at Greenhaven Corr. Facility a copy of this petition addressed to:

1.   The District Attorney of Queens County,
     Attn: **Richard A. Brown**
     Attorney for Respondent
     125-01 Queens Boulevard
     Kew Gardens, New York 11415

     APPELLATE DIVISION 2nd. DEPARTMENT
2.   The Court Clerk/Courthouse,
     45 Monroe Place
     Brooklyn, New York 11201

Respectfully submitted,

FRANLIN R. REYES
94A7378
GREENHAVEN CORR. FACILITY
ROUTE-216
STORMVILLE, NY 12582

Dated: _6 JUNE_ , ___,2000

Subscribed and Sworn to me before on

this _6th_ day of _June_ ,2000

NOTARY PUBLIC

PAUL J BRAUN
Notary Public State of New York
Qualified in Dutchess County
Commission # 01BR5070G58
Commission Expires Dec 23 2000

E

# SUPREME COURT OF THE STATE OF NEW YORK
## APPELLATE DIVISION : SECOND JUDICIAL DEPARTMENT

2852B
Y/hu

_____ AD2d _____

FRED T. SANTUCCI, J.P.
THOMAS R. SULLIVAN
WILLIAM D. FRIEDMANN
LEO F. McGINITY, JJ.

---

1994-09573

The People, etc., respondent,                             DECISION & ORDER
v Franklin Reyes, appellant.
(Ind. No. 3360/93)

---

Franklin Reyes, Stormville, N.Y., appellant *pro se*.

Richard A. Brown, District Attorney, Kew Gardens, N.Y. (John M. Castellano and Nicoletta J. Caferri of counsel; Michael D. Tarbutton on the memorandum), for respondent.

Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this court dated May 19, 1997 (*People v Reyes*, 239 AD2d 524), modifying a judgment of the Supreme Court, Queens County, rendered October 11, 1994.

ORDERED that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see, Jones v Barnes,* 463 US 745).

SANTUCCI, J.P., SULLIVAN, FRIEDMANN and McGINITY, JJ., concur.

ENTER:

James Edward Pelzer
Clerk

October 23, 2000

PEOPLE v REYES, FRANKLIN

Franklin Reyes #94A7378
Green Haven Corr. Fac.
Route 216 - Drawer B
Stormville, New York 12582
February 6, 2000


Queens County, Supreme Court
125-01 Queens Blvd.
Kew Gardens, N.Y. 11415

            Re: People v. Franklin Reyes
            CPL 440 Motion
            Ind. No. 3360-93


Dear Queens County, Supreme Court,

        I am interested in obtaining the outcome of the 440 motion
which was mailed to the court in July 1998.

        If a decision has been made, please advise me of the cost
for a copy.


                            Yourst, etc.


c: file



Franklin Reyes #94A7378
Green Haven Corr. Fac.
Route 216 - Drawer B
Stormville, New York 12582
May 30, 2000

Queens County, Supreme Court
125-01 Queens Blvd.
Kew Gardens, N.Y. 11415

      Re: People v. Franklin Reyes
      CPL 440 Motion
      Ind. No. 3360-93

Dear Queens County, Supreme Court,

    I filed a CPL 440 motion to this court in July 1998 but
have not received a decision.  Has the court ruled on the motion?

Yours\ etc.

c: file

Franklin Reyes #94A7378
Green Haven Corr. Fac.
Route 216 - Drawer B
Stormville, New York 12582
August 17, 2000


Queens County, Supreme Court
125-01 Queens Blvd.
Kew Gardens, N.Y. 11415

        Re: People v. Franklin Reyes
        CPL 440 Motion
        Ind. No. 3360-93


Dear Queens County, Supreme Court,

    Could you please advise me of whether a decision has been made in the case under the above indictment number.


Yours, etc.


c: file

Franklin Reyes #94A7378
Green Haven Corr. Fac.
Route 216 - Drawer B
Stormville, New York 12582
September 20, 2000


Queens County, Supreme Court
125-01 Queens Blvd.
Kew Gardens, N.Y. 11415

                    Re: People v. Franklin Reyes
                        CPL 440 Motion
                        Ind. No. 3360-93


Dear Queens County, Supreme Court,

     I have made several requests to this court concerning a
CPL 440 motion that was submitted in 1998 (July).

     Please tell me whether a decision has been made.

o
o
o

                              Yours, etc.



c: file

Green Haven Correctional Facility
Route 216 - Drawer B
Stormville, New York 12582

May 12, 2001

Clerk of the Court
Queens County, Supreme Court
125-01 Queens Boulevard
Kew Gardens, New York 11415

Re: People v. Franklin Reyes
    Ind. No. 3360-93

Dear Clerk of the Court:

        Please advise me of the status of the CPL 440 motion that was submitted in July 1998.

                                    Very truly yours,

                                    Franklin Reyes,
                                    #94A7378

c: file

Green Haven Correctional Facility
Route 216 - Drawer B.
Stormville, New York 12582

July 23, 2001

Clerk of the Court
Queens County, Supreme Court
125-01 Queens Boulevard
Kew Gardens, New York 11415

Re:   People v. Franklin Reyes
      Ind. no. 3360-93
      Request for Records

Dear Clerk of the Court:

Pursuant to New York's Judiciary Law, §255, I respectfully request to be informed of whether a decision has been made on the July 1998 CPL §440 motion submitted in my case under the above indictment number.  In the event that a decision has been rendered, I respectfully request to be provided with a copy.

As you are aware, Judiciary Law, §255, requires the clerk of the court to search the records and documents of his files for such papers upon request and offer of payment.  I am willing to pay the cost of the records.

If for any reason(s) any portion of this request is denied, please provide the name and address of the person or body to whom an appeal may be taken.

I appreciate your assistance and I look forward to hearing from you sometime in the near future.

Very truly yours,

Franklin Reyes
#94A7378


c:    file

Green Haven Correctional Facility
Route 216 - Drawer B.
Stormville, New York 12582

September 28, 2001

Clerk of the Court
Queens County, Supreme Court
125-01 Queens Boulevard
Kew Gardens, New York 11415

RE    People v. Franklin Reyes
      Ind. no. 3360-93

Dear Clerk of the Court:

     In July of this year, I inquired about a CPL §440 motion
that was submitted in this court sometime in July 1998.   As
of the above date, I have not yet received a response.

     Could you please advise me whether a decision on the motion
has been rendered.

                              Very truly yours,


                              Franklin Reyes,
                              #94A7378

o
o    encl.
o    c:   file

NEW YORK STATE COURT
QUEENS COUNTY
125-01 QUEENS BLVD.
KEW GARDENS, NEW YORK 11415

FRANKLIN REYES #94A7378
GREEN HAVEN COR FAC
DRAWER B
STORMVILLE , N.Y. 12582-0010

DATE: 10/5/01

IND.#3360-93

RE:YOUR RECENT INQUIRY

DEAR SIR OR MADAM;

The Motion you inquired about has been denied, if you have any additional questions please contact your attorney or legal advisor.....

| DATE | PART | | JUDGE | |
|------|------|--|-------|--|
| 10/22/1998 | TAP VII | CPL 440 | HANOPHY | DENIED |

We hope this information was helpful to you.

CORRESPONDENCE UNIT



Green Haven Correctional Facility
Route 216- Drawer B
Stormville, NY 12582

December 17, 2001

Clerk of the Court
United States, District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Reyes v. Greiner
    01 Civ 7150 (ERK)

Dear Clerk of the Court

    PLEASE FIND ENCLOSED, my affirmation in support of cause why
the Habeas Corpus Petition should not be time-barred.

Very Truly Yours,

Franklin Reyes #94A7378

encl

cc: File